UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELLEN L. F. STRAUSS | : | CIV. ACTION NO.:   3:24-cv-01312 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF WESTON, BOARD OF | : | |
| SELECTMEN OF THE TOWN OF | : | |
| WESTON, BOARD OF FINANCE OF | : | |
| THE TOWN OF WESTON, PLANNING | : | |
| & ZONING COMMISSION OF THE | : | |
| TOWN OF WESTON AND | : | |
| CONSERVATION COMMISSION OF | : | |
| THE TOWN OF WESTON | : | |
| | : | |
| | : | |
| Defendants. | : | AUGUST 14, 2024 |

## PETITION FOR REMOVAL

The Defendants, Town of Weston, Board of Selectmen of the Town of Weston, Board of Finance of the Town of Weston, Planning and Zoning Commission of the Town of Weston and Conservation Commission of the Town of Weston (hereinafter "Defendants"), respectfully petition this Court for removal of this action from the Superior Court of the State of Connecticut, judicial district of Norwalk/Stamford, to the United States District Court for the District of Connecticut pursuant to 28 U.S.C. §§ 1331, 1441(a) and 1446 *et seq.*  In support of this petition, the Defendants allege as follows:

1.      The Plaintiff, Ellen L.F. Strauss ("Plaintiff"), filed a Summons and Complaint in the Superior Court of Connecticut, judicial district of Norwalk/Stamford on July 19,

10325012

2024. A true and accurate copy of the Summons and Complaint is attached hereto as Exhibit A.

2.      The Plaintiff purports to seek a declaratory judgment and preliminary and temporary injunctive relief, against the Defendants.  Specifically, she seeks a declaratory judgment that defendants have and intend to discriminate against her, a person with a disability, by denying her access to a public facility, a dog park, in violation of the Americans with Disabilities Act ("ADA") 42 U.S.C. § 12131 *et seq.* and to unlawfully employ federal funds for that purpose from the American Rescue Plan ("ARPA") in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.

3.      According to 28 U.S.C. § 1331, "[t]he district court shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

4.      According to 28 U.S.C. § 1441 (a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

5.      The United States District Court for the District of Connecticut embraces the place, the judicial district of Norwalk/Stamford where the Plaintiff has filed his action in State court.

6.      Written notice of the filing of this Petition for Removal and the Notice of Removal will be served on the Plaintiff pursuant to 28 U.S.C. § 1446 (d) and a true and correct copy of the Petition and Notice will be filed with the Clerk in the State court action.

10325012

7.     The Defendants submit that this matter should be removed from the Superior Court of the State of Connecticut, judicial district of Norwalk/Stamford, to the United States District Court for the District of Connecticut because the federal court has original jurisdiction over those causes of action in the Plaintiff's Complaint arising under the ADA and ARPA pursuant to 28 U.S.C. §§ 1331 and 1441 (a).

8.     This Petition for Removal has been signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, the Defendants respectfully request that this action be removed from the Superior Court of the State of Connecticut, judicial district of Norwalk/Stamford, to the United States District Court for the District of Connecticut.

THE DEFENDANTS,

TOWN OF WESTON, BOARD OF
SELECTMEN OF THE TOWN OF WESTON,
BOARD OF FINANCE OF THE TOWN OF
WESTON, PLANNING & ZONING
COMMISSION OF THE TOWN OF WESTON,
AND CONSERVATION COMMISSION OF
THE TOWN OF WESTON

By:     *Claire E. Ry...*
Claire E. Ryan, Esq. (ct22145)
Kaufman Borgeest & Ryan LLP
1010 Washington Boulevard, 7th Fl.
Stamford, Connecticut 06901
Tel: 203-557-5700
Fax: 203-557-5777
Email: cryan@kbrlaw.com

3

10325012

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 14, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


By: _____

Claire E. Ryan, Esq. (ct22145)

10325012

# EXHIBIT A

10325012

**SUMMONS - CIVIL**
JD-CV-1  Rev. 2-22
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

| For information on ADA accommodations, contact a court clerk or go to: *www.jud.ct.gov/ADA.* |
| --- |

STATE OF CONNECTICUT
**SUPERIOR COURT**
*www.jud.ct.gov*



Instructions are on page 2.

RECEIVED FOR RECORD
At WESTON, CONN

☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

JUL 1 8 2024   12 05 pm

☐ Select if claiming other relief in addition to, or in place of, money or damages.

TO: Any proper officer     Attest _____
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)* | Telephone number of clerk | Return Date *(Must be a Tuesday)* |
| --- | --- | --- |
| 123 Hoyt Street, Stamford, CT | ( 203 ) 965 – 5308 | 08/13/2024 |

| ☒ Judicial District | G.A. | At *(City/Town)* | Case type code *(See list on page 2)* | |
| --- | --- | --- | --- | --- |
| ☐ Housing Session | Number: | Stamford | Major: **M50** | Minor: **M00** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)* | Juris number *(if attorney or law firm)* |
| --- | --- |
| Stephen E. Nevas, Nevas Law Group, LLC, 237 Post Road West, Westport, CT 06880 | 306089 |

| Telephone number | Signature of plaintiff *(if self-represented)* |
| --- | --- |
| ( 203 ) 557 – 8600 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes   ☐ No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)* snevas@nevaslawgroup.com |
| --- | --- | --- |

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
| --- | --- | --- |
| First plaintiff | Name:  Ellen L.F. Strauss<br>Address: 88 Ladder Hill, N, Weston, CT 06883 | P-01 |
| Additional plaintiff | Name:<br>Address: | P-02 |
| First defendant | Name:  Town of Weston<br>Address: 56 Norfield Road, Weston, C 06883 | D-01 |
| Additional defendant | Name:  Board of Selectmen of the Town of Weston<br>Address: 56 Norfield Road, Weston, CT 06883 | D-02 |
| Additional defendant | Name:  Board of Finance of the Town of Weston<br>Address: 56 Norfield Road, Weston, CT 06883 | D-03 |
| Additional defendant | Name:  Planning and Zoning Commission of the Town of Weston<br>Address: 56 Norfield Road, Weston, CT 06883 | D-04 |

Attest
A True Copy
Kevin McNeill
State Marshal - Fairfield County

| Total number of plaintiffs: 1 | Total number of defendants: 5 | ☒ Form JD-CV-2 attached for additional parties |
| --- | --- | --- |

## Notice to each defendant

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed *(Sign and select proper box)* | ☒ Commissioner of Superior Court | Name of person signing |
| --- | --- | --- | --- |
| 07/16/2024 | | ☐ Clerk | Stephen E. Nevas, Esq. |

| If this summons is signed by a Clerk: | For Court Use Only |
| --- | --- |
| a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.<br>c. The court staff is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint. | File Date |

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
| --- | --- | --- | --- |
| | | | |

**CIVIL SUMMONS**
**CONTINUATION OF PARTIES**
JD-CV-2    Rev. 9-12

STATE OF CONNECTICUT
**SUPERIOR COURT**

First named Plaintiff  *(Last, First, Middle Initial)*
**Ellen L. F. Strauss**

First named Defendant  *(Last, First, Middle Initial)*
**Town of Weston**

## Additional Plaintiffs

| Name *(Last, First, Middle Initial, if individual)* | Address  *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| | | 03 |
| | | 04 |
| | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |
| | | 12 |
| | | 13 |

## Additional Defendants

| Name *(Last, First, Middle Initial, if individual)* | Address  *(Number, Street, Town and Zip Code)* | CODE |
|---|---|---|
| **Conservation Commission of the Town of Weston, 56 Norfield Road, Weston, CT 06883** | | 05 |
| | | 06 |
| | | 07 |
| | | 08 |
| | | 09 |
| | | 10 |
| | | 11 |

| | | FOR COURT USE ONLY - File Date |
|---|---|---|
| | 12 | |
| | 13 | |
| | 14 | Docket number |

**CIVIL SUMMONS-Continuation**

ELLEN L.F. STRAUSS.                    :    RETURN DATE: AUGUST 13, 2024
                    Plaintiff          :
                                       :    SUPERIOR COURT
v.                                     :
                                       :
TOWN OF WESTON                         :    JUDICIAL DISTRICT OF
                                       :    STAMFOR/NORWALK
BOARD OF SELECTMEN OF THE              :
TOWN OF WESTON                         :    AT STAMFORD
                                       :
BOARD OF FINANCE OF THE                :
TOWN OF WESTON                         :
                                       :
PLANNING AND ZONING                    :
COMMISSION OF THE TOWN OF              :
WESTON, and                            :
                                       :
CONSERVATION COMMISSION OF             :
THE TOWN OF WESTON                     :
                    Defendants         :

### COMPLAINT FOR DECLARATORY JUDGMENT
### and
### PRELIMNARY AND TEMPORARY  INJUNCTIVE RELIEF

Plaintiff Ellen L. F. Strauss ("Ms. Strauss"),  a disabled resident of Weston, Connecticut,

by and through undersigned counsel, files this Complaint  for a declaratory judgment and,

preliminary and temporary injunctive relief against Defendants Town of Weston, Weston Board

of Selectmen. the Board of Finance of the Town of Weston, Planning and Zoning Commission of

the Town of Weston and the Weston Conservation Commission.   Ms. Strauss moves the court by

this Complaint to issue a declaratory judgment that defendants have and intend to discriminate

against her by denying her access to a public facility, a dog park, in violation of the Americans

with Disabilities Act  42 US.C. §  12131  *et seq.* the "ADA" and to unlawfully employ federal

funds for that purpose from the American Rescue Plan (ARPA) in violation of Section 504 of the

Rehabilitation Act of 1973, 29 U.S.C § 794.

1

I.   INTRODUCTION

1.   Ms. Strauss suffers from Chronic Obstructive Pulmonary Disease (COPD), an incurable disease which causes her to have breathing difficulties if she is required to walk more than a short distance or climb an incline.

2.   The Town of Weston has obtained a modified permit[1] from its Conservation Commission[2] and Plans to construct a dog park in the midst of a heavily wooded and undeveloped 36-tract at Lords Highway East in Weston that would require Ms. Strauss to hike 600 feet, more or less, along a narrow path through the forest, and accessway intermittently covered by tree roots growing  on the surface to reach the facility that is located on a slope.

3.   This will be the only municipal dog park in the Town of Weston.

4.   The length, nature and condition of the pathway to and topographic characteristics of the dog park facility consisting of a parking lot, access path and off-leash areas, will discriminate against Ms. Strauss and others similarly situated  by denying them access to this public facility on account of their disabilities which will prevent Mr. Strauss and others from traversing the distance from the entrance to the property at Lords Highway East to the facility.

5.   To help underwrite the cost of the project, the Board of Finance in collaboration with the Board of Selectmen has approved the expenditure of $135,000.00 received by the Town from the Federal American Rescue Plan (ARPA)  in violation of 29 U.S.C. § 794 that prohibits the expenditure of public funds for a purpose that excludes an individual on account of their disability.

---

[1] 18-01 [22-05]

2

1. RELEVANT PROCEDURAL HISTORY

6.  Since 2017, the Town of Weston has made a series of applications to its municipal agencies for approvals and permits to construct and operate a dog park on public land known as the Moore property, a 36-acre undeveloped, heavily wooded tract at Lords High East.

7.  Town government has been aware since 2017, when its Planning and Zoning Commission denied a request for approval of plans similar to those more recently approved, that any dog park on the Moore property should comply with the ADA.

8.  The Planning and Zoning Commission had refused in 2017 to approve a site plan for a dog park at the Lords Highway site because the applicant was unable to answer the question "Will the dog park be required to comply with the Americans with Disabilities Act?" *Report of the Proposed Dog Park To Be Located on the Moore Property.* Planning and Zoning Commission, Town of Weston, Connecticut, May 1, 2017.

9.  A revised application that provided for access to the facility from a parking lot adjacent to the proposed facility was then approved by the Planning and Zoning and Conservation Commissions in 2018. During consideration by the Planning and Zoning Commission that year then-Town Engineer John Conte cautioned the Commission that the ADA would be violated if parking were to be located at a distance from the facility. Permits were approved when the Town as applicant submitted plans consistent with his advice.

10. But in 2022, with permits yet to be exercised, Town government abandoned that approved site plan and submitted an amended application to relocate parking facilities six hundred feet from the facility, thereby requiring anyone visiting the dog park to hike that distance through the woods.

11. When the revised design was presented for review to the Weston Planning and Zoning Commission on inexplicable short notice on April 4, 2022, Ms. Strauss and others asked for a brief continuance to present evidence that the plan under consideration would violate the Americans with Disabilities Act, the Commission denied their request and summarily approved the application. The Weston Conservation Commission followed suit on May 26, 2022.

12. In an effort to vindicate her rights Ms. Strauss complained to the Connecticut Human Rights and Responsibilities Commission, CHRO No. 2320028, on July 26, 2022, that the plans and modified permit approved by the Planning and Zoning Commission and Conservation Commission unlawfully discriminate against her by denying her access to the facility in violation of the ADA.

13. The CHRO failed to complete its investigation of Ms. Strauss's complaint and issued a Release of Jurisdiction to her on June 18, 2024. EXHIBIT A.


COUNT ONE – MOTION FOR DECLARATORY JUDGMENT

14. Ms. Strauss incorporates the allegations of the preceding paragraphs and respectfully requests that the court grant her a declaratory judgment for the following reasons:

15. Each defendant is subject to the provisions of the ADA as a "public entity" as defined by 42 U.S.C. §12131 (1).

16. Ms. Strauss is a "Qualified individual with a disability" as defined by 42 U.S.C. § 12131 (2) and 29 U.S.C. § 705 (20)(A) by virtue of the fact that she suffers from COPD and experiences breathing difficulties when required to walk more than a short distance.

4

17. Since the dog park is soon to be constructed the ADA provides the court with jurisdiction through 28 CFR § 35.151 (a)(1) which provides in relevant part that: "Each new facility or part of a facility constructed by, on behalf of, or for the use of a public entity shall be designed and constructed in such a manner that the facility or part of the facility is readily accessible to and usable by individuals with disabilities, if the construction was commenced after January 25, 1992."

18. Since Ms. Strauss suffers from COPD that causes her to have breathing difficulties if she is required to walk more than a short distance, the authorized and formally permitted location of the dog park in relation to the entrance to the property and parking area will prevent her from being able to reach the facilities and thereby deny her equal access to Defendants' programs. law.

WHEREFORE Ms. Strauss moves pursuant to C.G.S. § 52-29 and Practice Book §17-54 *et seq.* that:

A: The court issue a declaratory judgment that the approval of the Weston Planning and Zoning Commission and the modified permit issued by the Weston Conservation Commission, to authorize construction and operation of a dog park at the municipal property on Lords Highway East in Weston will wrongfully discriminate against her by reason of her disability and resulting inability to access and use the dog park in violation of 42 U.S.C. § 12131 *et seq,*, the ADA.

B. By declaratory judgment, determine that the decision of the Weston Board of Finance to appropriate $135,000.00 for the purpose of constructing the dog park by the use of funds received from the Federal American Rescue Plan (ARPA) violates Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 which prohibits the use of federal funds to pay for the activity of a public entity that excludes an individual by reason of their disability.[3]

C. Award Plaintiff reasonable attorney's fees.

---

[3] § 794. Nondiscrimination under Federal grants and program. (a) Promulgation of rules and regulations. No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. The head of each such agency shall promulgate such regulations as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978. Copies of any proposed regulation shall be submitted to appropriate authorizing committees of the Congress, and such regulation may take effect no earlier than the thirtieth day after the date on which such regulation is so submitted to such committees.

(b) "Program or activity" defined

For the purposes of this section, the term "program or activity" means all of the operations of--
(1)(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or
(B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;

COUNT TWO – MOTION AND APPLICATION FOR PRELIMNIARY AND TEMPOARY INJUNCTION

19. Plaintiff Ellen L. F. Strauss incorporates the allegations of the preceding paragraphs to this Count.

20. The Plaintiff, a disabled person within the meaning of 42 U.S.C. § 12131 *et seq.,* and pursuant to C.G.S.§§ 52-471 and 52-473, here moves for a temporary restraining order and preliminary injunction to enjoin defendants from employing the modified permit issued by the Weston Conservation Commission[4] to initiate construction of the dog park described *infra.*

21. Ms. Strauss, by this request for relief, will show that construction and operation of the herein described dog park will exclude her from participation in or deny her the benefits of the services , programs, or activities of a public entity and will thereby subject her to discrimination by the Town in violation of 42 U.S.C. § 12132.

22. Ms. Strauss's inability to access the facility as designed and the accompanying unlawful use of federal ARPA funds for the purpose of constructing the facility in question makes it likely that Ms. Strauss will prevail on the merits at trial.

23. Since no other legal measure can prevent the imminent construction and operation of the facility, Ms. Strauss faces immediate and irreparable harm absent an injunction.

24. The harm Ms. Strauss faces without an injunction is greater than an injunction would do to the defendants.

25. Since defendants will not be prejudiced, in any reasonable way  by the relief requested, Ms. Strauss requests that the court waive the requirement of a bond.

---

WHEREFORE, Ms. Strauss respectfully requests that this court issue a temporary restraining order and preliminary injunction to enjoin defendants from any and all use of the permit issued to it by the Weston Conservation Commission for the construction of a dog park on municipal property at Lords Highway East or the expenditure of funds obtained from the federal ARPA program for that purpose.

I hereby affirm that the facts contained in the forgoing Complaint are true and correct to the best of my knowledge and belief.

_Ellen L. F. Strauss_
Ellen L. F. Strauss

Subscribed and sworn to this 15th day of July 2024.

Stephen E. Nevas
Commissioner of the Superior Court

THE PLAINTIFF
ELLEN L.F. STRAUSS
By: s/Stephen E. Nevas
Stephen E. Nevas
Nevas Law Group, LLC
237 Post Road West
Westport, CT 06880
(203) 557 8600
Juris No. 306089
snevas@nevaslawgrup.com

8

## CERTIFICATE OF NOTICE

This is to certify that a copy of this Motion for Declaratory Judgment and Motion for

Temporary Restraining Order and Preliminary Injunction has been served by an indifferent party

to the Clerk of the Town of Weston and has been sent by first class mail, postage prepaid to:

|  |  |
|---|---|
| Board of Finance<br>Town of Weston<br>56 Norfield Road<br>Weston, Connecticut 06883 | Planning and Zoning Commission<br>Town of Weston<br>56 Norfield Roald<br>Weston, Connecticut 06883 |
| Conservation Commission<br>Town of Weston<br>56 Norfield Road<br>Weston, Connecticut 06883 | Board of Selectmen<br>Town of Weston<br>56 Norfield Road<br>Weston, Connecticut 06883 |

Commission on Human Rights
and Responsibilities
State of Connecticut
450 Columbus Blvd,  Ste 2
Hartford, CT 06103
ROJ@ct.gov

*s/Stephen E. Nevas*
Commissioner of the Superior Court

| | | |
|---|---|---|
| ELLEN L.F. STRAUSS. | : | RETURN DATE: |
|        Plaintiff | : | |
| | : | SUPERIOR COURT |
| v. | : | |
| TOWN OF WESTON | : | JUDICIAL DISTRICT OF |
| | : | STAMFOR/NORWALK |
| BOARD OF SELECTMEN OF THE | : | |
| TOWN OF WESTON | : | AT STAMFORD |
| | : | |
| BOARD OF FINANCE OF THE | : | |
| TOWN OF WESTON | : | |
| | : | |
| PLAINNING AND ZONING | : | |
| COMMISSION OF THE TOWN OF | : | |
| WESTON, and | : | |
| | : | |
| CONSERVATION COMMISSION OF | : | |
| THE TOWN OF WESTON | : | |
|        Defendants | ; | |

## ORDER TO SHOW CAUSE

Upon the foregoing Application of the Plaintiff for preliminary and temporary injunctions it is:

ORDERED that the Town of Weston, Weston Boad of Selectmen, Weston Board of Finance,

Weston Planning and Zoning Commission and the Weston Conservation Commission whose

address is 56 Norfield Road, Weston, Connecticut 06883, be cited to appear at the superior court

for the Judicial District of Stamford/Norwalk at 123 Hoyt Street, Stamford, Connecticut, on the

_____ day of _____, 2024 at _____ *[a.m./p.m.]*, then and there

to show cause, if any they have, why the Plaintiff's Application for Preliminary or Temporary

Injunction should not be granted, and it is further ordered that notice of said Application and of

this Order be given to each defendant by some proper officer leaving with *[him/her]* in

10

accordance with law, a true and attested copy of the Application and of this Order, on or before

the _____ day of _____, 2024.


_____
Judge/ Asst. Clerk


_____
Dated at Stamford

# EXHIBIT A

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

**Ellen Strauss**
COMPLAINANT

CHRO No. 2320028

vs.

**Town of Weston**
RESPONDENT

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint.  The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides.  If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served.  Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE: 6/18/2024**

Tanya A. Hughes, Executive Director

Service:
Complainant:              Ellen Strauss, via Email elfs88law@aol.com
Complainant's Attorney:   Stephen Nevas, Esq., via Email: snevas@nevaslawgroup.com
Respondent's Attorney:    Claire Ryan, Esq., via Email: cryan@kbrlaw.com